# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EVAN BENNETT**                                                      **CIVIL ACTION**

**VERSUS**                                                           **NO. 20-354-BAJ-RLB**

**COBURN SUPPLY COMPANY, INC.,**
**ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 14, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EVAN BENNETT                                              CIVIL ACTION

VERSUS                                                    NO. 20-354-BAJ-RLB

COBURN SUPPLY COMPANY, INC.,
ET AL.

## ORDER

Before the Court is Plaintiff's Unopposed Motion for Leave to File Amending

Complaint. (R. Doc. 11).

**I.      Background**

On or about April 21, 2020, Evan Bennett ("Plaintiff") filed this action in the 19th

Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Coburn

Supply Company, Inc. ("Coburn"), Liberty Mutual Insurance Company ("Liberty"), and John

Doe. (R. Doc. 1-1).  Plaintiff is seeking to recover damages allegedly incurred as a result of an

incident where John Doe, an employee of Coburn, ran over Plaintiff's foot while exiting a

driveway.

This action was removed on the basis that the Court can exercise diversity jurisdiction

under 28 U.S.C. § 1332. (R. Doc. 1).  The Notice of Removal provides that Plaintiff is a citizen

of Louisiana, Coburn is a citizen of Texas, Liberty is a citizen of Massachusetts, and the

citizenship of "John Doe" should be ignored for diversity purposes as a fictitious name under 28

U.S.C. § 1441(b)(1). (R. Doc. 1 at 2-3).

Plaintiff now seeks to amend the original Petition to replace the fictitious "John Doe"

with the individual Richard Knighten ("Knighten").  Plaintiff filed a previous motion seeking

leave to file a proposed pleading providing that Knighten is "a resident of the full legal age of

majority of the Parish of East Baton Rouge, State of Louisiana." (R. Doc. 4-1 at 1). This

proposed pleading did not identify Knighten's citizenship, which is determined by domicile

rather than residence. *See Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485

F.3d 793, 799 (5th Cir. 2007). Accordingly, the Court denied Plaintiff's first motion to amend

and required Plaintiff to identify Knighten's domicile in any future motion to amend, state

whether the motion is opposed, and address the factors in *Hensgens v. Deere & Co.*, 833 F.2d

1179, 1182 (5th Cir. 1987). (R. Doc. 6).

On August 12, 2020, Plaintiff filed the instant unopposed motion to amend. (R. Doc. 1).

The proposed pleading specifically alleges that Knighten is a citizen of the State of Louisiana.

(R. Doc. 11-1 at 1).

## II.    Law and Analysis

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of

Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a

party may amend its pleading only with the opposing party's written consent or the court's

leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v.*

*Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v.*

*Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not

be automatically granted, "[a] district court must possess a substantial reason to deny a request

for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)

(quotations omitted). In determining whether to grant leave, a court may consider several

factors, including among other things, the movant's "bad faith or dilatory motive" and the

"futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Since joinder of a nondiverse defendant after removal would destroy diversity jurisdiction and require remand, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the court must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The court should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id.* at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id.*

The instant unopposed motion seeks leave to add a non-diverse defendant in place of the "John Doe" defendant. There is no substantial reason to deny the request under Rule 15(a)(2). There is no evidence of bad faith or dilatory motive. Furthermore, the proposed defendant is the alleged tortfeasor in the underlying incident.

The *Hensgens* factors also support allowing amendment. Plaintiff asserts that he did not know the identify of Knighten as the underlying tortfeasor when the action was filed and sought to identify Knighten "as a defendant as soon as he was identified by the Defendants." (R. Doc. 11-2 at 2). Considering the foregoing, the first two *Hensgens* factors are satisfied. The purpose

of the motion is not solely to defeat diversity jurisdiction and, as stated above, Plaintiff was not

dilatory in filing the motion.  The third *Hensgens* factor is satisfied because Plaintiff will not be

able to recover from the underlying tortfeasor unless he is identified as a defendant.  As the

instant motion is unopposed, there are no factors presented in favor of denying amendment.

### III.     Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Unopposed Motion for Leave to File

Amending Complaint (R. Doc. 11) be **GRANTED**, and Plaintiff's Amended Complaint (R. Doc.

11-1) be entered into the record.

**IT IS FURTHER RECOMMENDED** that the instant action be **REMANDED** to the

19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on August 14, 2020.

          RICHARD L. BOURGEOIS, JR.
          UNITED STATES MAGISTRATE JUDGE